# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | CASE NO. 1:08CR347 LJO |
| Plaintiff, | ORDER ON DEFENSE MOTIONS |
| v. | |
| JOSEPH BROWN, | |
| Defendant. | |

The Court has received and reviewed Documents 31, 32 and 33 filed by the Defendant, and hereby responds as follows:

1) Documents 31 and 33 appear to be requesting the same remedy and will be treated as one (Motion to preclude evidence of prior conviction);

2) Tentative Ruling on Motion to Preclude Evidence of Prior Conviction:

    The Defendant has been convicted of First Degree Murder.  Defendant acknowledges that ordinarily this would be admissible for impeachment purposes if the defendant testifies (FRE 609(a)(1)).  Defendant argues that because the jury will know that the crime took place while the defendant was serving time in a Federal Penitentiary, that pursuant to FRE 403, there is no need to discuss his prior conviction.

    Tentative:   that in weighing and balancing as required by FRE 403, the Court grants in part and denies in part the motion.  If the defendant takes the stand and testifies, the Government will be able to ask him whether or not he

1    has been convicted of a felony involving moral turpitude.  If the Defendant
2    admits the conviction of a crime of moral turpitude, no further questions will be
3    asked concerning that felony conviction.  If, on the other hand, he denies it, then
4    at that point, the instant motion is denied in its entirety.

5  3) Defendant Brown indicates that there is still a discovery dispute over their
6    Request #5, to wit:
7        "The defense believes that Officer Tiscareno violated protocol when he entered
8    Mr. Brown's cell at the time of the incident on May 22, 2008.  The defense requests
9    copies of any BOP and/or USP Atwater rules, regulations, training materials or other
10   items which set forth policies, standards or protocols for entering the cells of unrestrained
11   inmates.  Fed.R.Crim.P 16(a)(1)(E)(I); Brady, 373 U.S. 83."

12    Defendant Brown has requested that the motion be placed on calendar for argument on
13   Friday, July 9, 2011.  That request is granted.  It will be heard at 10:15 a.m.
14     In reviewing the discovery motion originally filed (document #28), the motion is not
15 specific enough for the Court to determine whether or not the request as quoted above fits into
16 the discovery scheme of the Federal Rules of Criminal Procedure, or rather is nothing more than
17 a fishing expedition.
18     Whether there exist rules, regulations, training materials or other items which set forth
19 policies, standards or protocols for entering the cells of unrestrained inmates, it must be clear
20 before discovery is permitted that the specific request indeed be specific and relevance either to
21 an element of the crimes charged or an affirmative defense.
22     Defendant must therefore provide the Court with enough information about why this
23 request is being made so that a ruling can be made.  This information  must be filed no later than
24 11 a.m. on Thursday, July 8, 2010.
25     IT IS SO ORDERED.
26 **Dated:   July 6, 2010**                /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE
27
28